IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AZAEL DYTHIAN PERALES, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-2621-B (BK) | |
| § | | |
| U.S. INTERNAL REVENUE SERVICE, § | | |
| et al., § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions and recommendation.

**I. BACKGROUND**

Petitioner, a homeless California resident, filed a *pro se* "Petition for Appeal, Writ of Habeas Corpus & Maladministration Proceeding Under 28 U.S.C.A. § 2241, Power to Grant Writ" along with a motion to proceed *in forma pauperis*. The petition and attachments total 235 pages and name more than 170 respondents, including the United States Internal Revenue Service, the United States Department of Labor, and numerous federal officials. The Court granted Petitioner's motion to proceed *in forma pauperis,* but did not issue process pending preliminary screening.

Since 2009, Petitioner has filed twenty-six federal civil actions, including ten habeas petitions, in California, Indiana, Maryland, Nebraska, Tennessee, and Vermont. *See* PACER

Case Locator on the internet. All cases, except for his very recent filings, have been dismissed as frivolous or for lack of subject matter jurisdiction.

## II. DISCUSSION

A. **<u>Habeas Jurisdiction</u>**

The primary function of the writ of habeas corpus is to seek release from unlawful custody or imprisonment. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant habeas relief. *Zolicoffer v. United States Department of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) ("For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge."). Habeas corpus may not be used "to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

Although the pleadings in this case are captioned as a petition for writ of habeas corpus, Petitioner is not incarcerated or in custody. See 28 U.S.C. §§ 2241(c) and 2254(a). Nor does he challenge any judgment, conviction, or sentence. *Id.* His pleadings, even when liberally construed in accordance with his *pro se* status, are nothing more than a compilation of nonsensical, statutory citations and unintelligible allegations that are frivolous and abusive in nature. Because Petitioner cannot meet the "in custody" requirement set forth in sections 2241(c) and 2254(a), the District Court lacks jurisdiction over his petition. Accordingly, this action is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts ("If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.");[1] FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

B. <u>**Sanction Warning**</u>

In light of Petitioner's abusive filing history and the patently frivolous allegations in his petition, the District Court should warn Petitioner that if he persists in filing frivolous civil actions, that the Court may impose monetary sanctions and/or bar him from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir.1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** the habeas corpus petition for lack of subject matter jurisdiction, and **WARN** Petitioner that if he persists in filing frivolous

---

[1] Rule 1(b) of the Rules Governing 2254 cases provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

civil actions, that the Court may impose monetary sanctions and/or bar him from bringing any further action of any kind in forma pauperis and/or without prior court approval.

SIGNED January 6, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE